UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CURTIS PALMER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. MELENDREZ,<br><br>　　　　　Defendant. | Case No.: 1:22-cv-00800-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Johnny Curtis Palmer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

The Court issued its Order re Consent/Decline of U.S. Magistrate Judge Jurisdiction on August 13, 2024. (Doc. 28.) The parties were directed to complete and return the form within 30 days. (*Id.* at 3.)

On August 21, 2024, Defendants filed a completed Consent/Decline form. (Doc. 29.) However, Plaintiff failed to submit a completed Consent/Decline form within 30 days.

On September 26, 2024, the Court issued its Order to Show Cause (OSC) Why Action Should Not be Dismissed for Plaintiff's Failure to Obey Court Order. (Doc. 31.) Plaintiff was directed to file a written response within 14 days, or alternatively, to file a completed

Consent/Decline form. (*Id*. at 2.) More than 14 days have elapsed and Plaintiff has failed to respond to the OSC, return a completed Consent/Decline form, seek an extension, or otherwise communicate with the Court.

**II.     DISCUSSION**

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Plaintiff has failed to respond to the Court's Order issued August 13, 2024, and to the OSC issued September 26, 2024. *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130-31.

Plaintiff's failures to comply with the Court's orders weigh in favor of dismissal.

Plaintiff was originally directed to file a completed Consent/Decline form on June 30, 2022. (*See* Doc. 5-1.) He did not do so. On August 13, 2024, the Court issued an order directing the parties to file a Consent/Decline form within 30 days. (*See* Doc. 26.) Plaintiff failed to comply. On September 26, 2024, the Court issued its OSC directing Plaintiff to respond in writing, or alternatively, to file a completed Consent/Decline form within 14 days. (Doc. 31.) Again, Plaintiff failed to comply with the Court's order. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs slightly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant has appeared in the action and filed an answer to Plaintiff's complaint. And discovery commenced on August 13, 2024. Although the risk of prejudice to Defendant Melendez is slight, considering Plaintiff's failure to respond to the Court's orders within the last 60 days, a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff is not moving this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether, failing to comply with this Court's orders. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued June

30, 2022, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. *Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case*. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1, emphasis added.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Next, in the OSC issued September 26, 2024, Plaintiff was warned as follows: "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders**." (Doc. 31 at 2, emphasis in original.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons given above, this Court **RECOMMENDS** this action be dismissed without prejudice for Plaintiff's failure to obey Court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 18, 2024**

UNITED STATES MAGISTRATE JUDGE